# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| THOMAS E. KELLY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PRIVILEGE UNDERWRITERS | § | |
| RECIPROCAL EXCHANGE | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mr. Thomas E. Kelly files this Original Complaint against Defendant Privilege Underwriters Reciprocal Exchange ("PURE") and respectfully shows the Court as follows:

### I. INTRODUCTION

1. This is an insurance dispute arising out of PURE's failure to fulfill its coverage obligations to Mr. Kelley under his homeowner's policy following a major loss. This case presents a straightforward claim for direct and resulting damage caused by rain and hail from a severe storm. Yet PURE refuses to honor its policy and pay for Mr. Kelly's loss. Mr. Kelly's significant losses are covered under the PURE policy and PURE should be required to pay for those losses. Instead PURE has unreasonably delayed the claim, switched adjusters multiples times, and failed to acknowledge coverage owed under its policy, paying only a small portion of the damage.

### II. PARTIES

2. Mr. Kelly is an individual who is a citizen of the State of Texas.

3. PURE is a foreign unincorporated association of underwriters with a principal place of business in Fort Lauderdale, Florida. PURE is a foreign insurer that conducts business

within the state of Texas, including through the issuance of the policy at issue. PURE may be served with process by serving its registered agent, Corporate Creations Network, Inc. at 801 U.S. Hwy. 1, North Palm Beach, Florida 33408.

### III.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and complete diversity of citizenship exists.

5. This Court has personal jurisdiction over PURE pursuant to the Texas long-arm statute because PURE has submitted to the jurisdiction in this state by conducting business in this state, insuring property located in this state, and making a contract substantially connected with Texas.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events and omissions giving rise to the claims and losses at issue occurred within the District. The home which PURE insured which is the subject of this litigation is located within this District.

7. Venue is also proper in this District under 28 U.S.C. § 1391(b)(1) because PURE resides in and is subject to personal jurisdiction in this district.

### IV.  FACTUAL BACKGROUND

**A.  The Policy.**

8. The foregoing allegations are incorporated herein by reference.

9. Mr. Kelly is the named insured under an "all risks" property policy (Policy No. HO205882604) issued by PURE for the period from August 2, 2021 to August 2, 2022 (the "Policy"), as well as prior and subsequent policies issued by PURE.

10. Mr. Kelly is an insured under the Policy.

11. The Policy covers the real property located at 13 River Ridge Drive, Lajitas, Texas 79852 the ("Lajitas Property") against "all risks of directly physical loss or damage to your dressing . . . unless an exclusion applies."

12. It also includes additional "Rebuilding to Code" coverage, which covers the necessary costs to comply with any law or ordinance requiring the construction or renovation of the undamaged portion of the structure necessary to complete the repair.

13. The Policy provides full coverage for the "reconstruction cost" of the property, without limit.

14. Although the Policy excludes faulty workmanship, repair, or maintenance, the Policy provides an exception for "ensuing covered loss."

**B.     The Loss.**

15. The Lajitas Property is a traditional adobe home.

16. In the fall of 2021, a major thunderstorm went through Lajitas, which produced severe winds and large hail.

17. The weight of hail and/or water on the flat roof caused excessive weight-stress on the roof which resulted in water penetration in the walls and caused severe cracking throughout the home (the "Loss").

18. As a result of the Loss and damage, Mr. Kelley has been undertaking and will continue to make significant repairs to the home, which are currently estimated to exceed $600,000.

**C.     The Claim**.

19. Mr. Kelly timely provided notice of the Loss to PURE (the "Claim").

20. PURE sent an adjuster to the home, who agreed that the property had suffered severe hail and water damage and agreed that the "ensuing loss" was significant. That adjuster disappeared.

21. Over the next two years, PURE sent other adjusters but continued to delay any payments on the claim.

22. PURE never even acknowledged hail damage to the home, despite the discovery of hail damage by its own adjuster in 2021.

23. Now, two years later, PURE has denied coverage for a majority of the loss, claiming defects in the construction caused the loss, although PURE acknowledged that the policy covers "ensuing loss."

24. Contrary to PURE's assessment, the home is a properly constructed traditional adobe home. The damage was caused by storms, not construction defects, deterioration, or maintenance issues.

25. PURE has paid some amount, but refuses to cover the majority of Mr. Kelly's covered Claim.

26. As a result of PURE's failure to fully pay Mr. Kelly for the loss to his home, Mr. Kelly has sustained and continues to sustain substantial damages.

27. Mr. Kelly's damages include the additional amount needed to repair his home, which PURE refuses to pay.

28. Additionally, and without limitation, Mr. Kelly has lost out on considerable rental income for his home in the exclusive and desirable Lajitas area.

## V.  CAUSES OF ACTION

**A.   Count One – Breach of Contract**

29. Plaintiff incorporates each and every allegation set forth in this Complaint as if fully set forth in this section.

30. The Policy is a valid and enforceable contract.

31. Mr. Kelly is an insured under the Policy.

32. Mr. Kelly has complied with all applicable Policy provisions, including paying premiums and providing timely notice of his Claim.

33. Mr. Kelly has satisfied all conditions that exist under the Policy, or those conditions have been waived by PURE.

34. The Policy provides coverage for the full amount of the Loss.

35. Alternatively, the Policy's provisions are ambiguous and must be construed in favor of coverage.

36. No exclusions apply to bar coverage.

37. PURE breached its contract by refusing to pay for Mr. Kelly's Claim.

38. As a result, proximate, and foreseeable consequence of PURE's breach of its obligations, Mr. Kelly has suffered injury and damage in excess of this Court's minimum jurisdictional limits.

**B.   Count Two – Breach of the Duty of Good Faith and Fair Dealing**

39. Plaintiff incorporates each and every allegation set forth in this Complaint as if fully set forth in this section.

40. PURE owes Mr. Kelly a duty of good faith and fair dealing in connection with the handling of his Claim under the Policy.

41. PURE has violated its duty of good faith and fair dealing by refusing coverage for Mr. Kelly's Claim without a reasonable basis. PURE's liability for Mr. Kelly's Claim is reasonably clear. In spite of this reasonably clear liability, PURE has (1) failed to conduct a timely and reasonable investigation of the cause and nature of the damage to Mr. Kelly's home; (2) misrepresented material facts relating to the cause of the damage to the property, (3) misrepresented the Policy's coverage for damage caused by rain, hail and/or collapse, and (4) failed to provide a prompt or reasonable explanation of the basis of its denial of the Claim.

42. Mr. Kelly has suffered and will continue to suffer actual damage and a result of PURE's breach of its duty of good faith and fair dealing.

**C.    Count Three – Attorneys' Fees.**

43. Plaintiff incorporates the foregoing allegations herein by reference.

44. As a result of PURE's beach of its contract with Mr. Kelly, Mr. Kelly was required to retain the legal services of the law firm of Haynes and Boone, LLP of Dallas, Texas. Mr. Kelly has agreed to pay Haynes and Boone, LLP a reasonable fee for its services necessarily rendered and to be rendered in this action. Although Mr. Kelly presented his Claim for damage to PURE, PURE did not tender payment. Accordingly, Mr. Kelly is entitled to an award of his reasonable and necessary attorneys' fees and expenses incurred pursuing their claim against PURE in an amount to be established at trial. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001.

### VI.    NOTICE OF INTENT TO PURSUE CLAIM UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE

45. The foregoing allegations are incorporated herein by reference.

46. Pursuant to § 541.154 of the Texas Insurance Code, Plaintiff hereby provides notice of his intent to pursue a claim against PURE under § 541.151 of the Texas Insurance Code by amending this suit after 60 days.

47. PURE has engaged in unfair or deceptive acts or practices as defined by Section 541.061 of the Texas Insurance Code.

48. PURE has violated Section 541.060(a)(1) of the Texas Insurance Code by misrepresenting material facts relating to the cause of the damage to the Lajitas Property, including, without limitation, by representing that the cause of the damage was maintenance and deterioration, when in fact the damage was clearly caused by severe storms.

49. PURE has violated Section 541.060(a)(1) of the Texas Insurance Code by misrepresenting the Policy's terms relating to coverage for damage caused rain, hail and/or collapse.

50. PURE has violated Section 541.060(a)(4) by failing withing a reasonable time to affirm or deny coverage of the Claim. The Claim has been pending since the fall of 2021. Yet, despite the discovery of hail damage by its own adjuster in 2021 and the numerous visits to the site, PURE delayed payment of the claim until 2023, and then only issued partial payment. Additionally, PURE purports to still be "investigating" hail damage despite the discovery of hail damage by its adjuster two years prior.

51. PURE has violated Section 541.060(a)(2) of the Texas insurance Code by failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Claim with respect to which PURE's liability is reasonable clear. The Loss is clearly covered by the Policy, yet PURE refuses to pay the amount needed to restore Mr. Kelly's home.

52. PURE has violated Section 541.060(a)(7) of the Texas Insurance Code by refusing coverage for the Claim without conducing a reasonable investigation. PURE refused to acknowledge the filings of its own adjuster, who originally discovered hail and significant covered "ensuing loss" to the home.

53. As a result of PURE's conduct, Mr. Kelly has suffered damage in an amount not less than $600,000 as well as attorneys' fees in an amount not less than $20,000.

54. PURE knowingly committed one or more of the violations referenced above, and therefore, Mr. Kelly seeks, in addition to actual damages, court costs, and attorneys' fees, an amount not to exceed three times the amount of actual damages.

### VII. NOTICE OF THE INTENT TO PURSUE CLAIM UNDER CHAPTER 542A OF THE TEXAS INSURANCE CODE

55. The foregoing allegations are incorporated herein by reference.

56. Pursuant to § 542A.003 of the Texas Insurance Code, Plaintiff hereby provides notice of his intent to pursue a claim against PURE under Sections 542.060 and 542.061 of the Texas Insurance Code by amending this suit after 60 days.

57. PURE has engaged in conduct that constitutes violations of Chapter 542 of the Texas Insurance Code, including, without limitation, by delaying and/or failing to timely pay Plaintiff's Claim.

58. For the costs to repair the damage to the Lajitas Property, Mr. Kelly seeks an amount not less than $600,000.

59. In addition to the actual compensatory damages made the subject of the Claim, Plaintiff seeks an award of attorneys' fees currently not less than $20,000, representing the reasonable and necessary attorneys' fees incurred as of the date this notice is given.

60. A copy of this notice has been provided to Plaintiff.

### VIII. JURY TRIAL DEMANDED

61. Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38.

### IX. PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court grant it the following relief:

a. Judgment awarding Plaintiff all damages caused by Defendant's breach of contract;

b. Judgment awarding Plaintiff all damages caused by Defendant's bad faith;

c. Judgment awarding Plaintiff all damages sustained as a result of Defendant's violations of Chapter 541 of the Texas Insurance Code;

d. Judgment awarding Plaintiff all damages sustained as a result of Defendant's violations of Chapter 542A of the Texas Insurance Code;

e. Judgment awarding Plaintiff all reasonable and necessary attorneys' fees and expenses incurred in this matter under Chapter 38 of the Texas Civil Practice & Remedies Code and Chapter 542 of the Texas Insurance Code;

f. Judgment awarding Plaintiff pre-judgment and post-judgment interest in the amount allowed by law;

g. Judgment awarding Plaintiff all costs of court; and

h. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Natalie DuBose*
Natalie DuBose
State Bar No. 24077481
*Natalie.dubose@haynesboone.com*
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, Texas 75219
Telephone:   (214) 651-5000
Telecopier:  (214) 541-5940

**ATTORNEY FOR PLAINTIFF THOMAS E. KELLY**

4885-2195-9770 v.1